UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
FLORIDA MIAMI DIVISION

EULALIA MARTIN-VIANA,

    Plaintiff,

V.

ROYAL CARIBBEAN CRUISES LTD.

    Defendant.                    /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Eulalia Martin-Viana, through the undersigned counsel, hereby sues Defendant, Royal Caribbean Cruises Ltd., and alleges the following:

**PARTIES**

1. Plaintiff, Eulalia Martin-Viana, is a resident of Florida.

2. Defendant, Royal Caribbean Cruises Ltd. (hereinafter "Royal Caribbean") is a Liberian Corporation with its principal place of business in Miami, Florida. Royal Caribbean maintains its principal place of business at 1050 Caribbean Way, Miami, Florida 33132. Royal Caribbean owns and operates the cruise ship *freedom of the Seas*.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C.A. § 1333 because the causes of action asserted herein arise under 28 U.S.C. § 1333 and the General Maritime Laws of the United States.

4. The Court has jurisdiction over Royal Caribbean pursuant to Florida Statutes § 48.193 because (a) Royal Caribbean is engaged in substantial and not isolated business activity within this state, and routinely operates in the waters of this state; (b) the causes of action set forth

1

herein arise from Royal Caribbean, personally and/or through its agents, operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state; and (c) the causes of action set forth herein arise from Royal Caribbean, personally and/or through its agents, committing tortious acts in whole or in part within this state.

5.   Venue is proper in this Court because Royal Caribbean's principal place of business is within Miami-Dade County, and a substantial part of the events or omissions giving rise to the causes of action set forth herein occurred within the county. The cruise line ticket at issue also requires that suit be brought in this Court.

6.   Royal Caribbean may be served with this Complaint under Florida Statutes §§ 48.081, 48.091, 48.181, 607.1501 and/or 607.1507.

## PRELIMINARY ALLEGATIONS

7.   Royal Caribbean owned, operated, managed, maintained, and/or controlled the *freedom of the Seas,* including the Captain, officers, crew, and medical personnel, equipment, and facilities on board.

8.   The crew of the *Freedom of the Seas,* including its Captain, officers, and medical personnel, were in regular, full-time employment of the Royal Caribbean and/or the ship, as salaried crew members, subject to the ship's discipline and the master's orders. They were also subject to the control of Royal Caribbean's shore-side operations located in Miami, Florida.

## FACTS

9.   On November 18, 2022, Eulalia Martin-Viana and her husband, kids and grandkids boarded the Royal Caribbean *Freedom of the Seas* for a cruise from Miami, Florida to the Bahamas, and back. Plaintiff and her husband were paying passengers.

10.  On November 19th 2022, around 6 A.M. Eulalia Martin-Viana woke up because the air in her suite was not working.

11.  She decided to go out to the balcony of their room and sit on the chair to cool off.

12.  When Eulalia Martin-Viana went to sit on the chair, the locking mechanism of the

balcony chair gave in causing her to fall backwards.

13. When she fell backwards her head instantly hit the balcony sliding glass door.

14. Eulalia Martin-Viana instantly started suffering paralysis, she was unable to move her arms, legs, and was unable to speak.

15. After a few minutes she was able to get her voice back and screamed for help.

16. The medical team arrived, and she was brought back to the medical facility; she was in extreme pain and was still unable to move any of her extremities.

17. Onboard the medical facility performed an x-ray, the ships medical records claim there were no significant fractures or dislocations.

18. The medical team on *Freedom of the Seas* only treated her with pain medication.

19. At approximately 5:15 P.M. Eulalia Martin-Viana and her husband were disembarked from the ship to an ambulance to take them to the airport.

20. They waited for two hours for the medical helicopter to arrive.

21. At approximately 7 P.M. the medical helicopter flew both Eulalia Martin-Viana and her to a hospital in Tampa FL.

22. The X-rays done at St. Joseph hospital showed a fracture of her neck on the C5 and C6.

23. Doctors at St. Joseph Hospital performed surgery on C4, C5, and C6.

24. On December 8th 2022 Eulalia Martin-Viana was transported via ambulance to Mercy Hospital in Miami, Florida.

25. Eulalia Martin-Viana was released from Mercy Hospital on January 4th 2023.

## COUNT 1 NEGLIGENCE

Plaintiff re-alleges and incorporates by reference paragraphs 1-25 of this Complaint.

26. Plaintiff was injured due to the fault and negligence of Royal Caribbean and/or its employees, agents, apparent agents, or servants as follows:

   a. Failure to supervise its crew;

3

    b. Failure to properly train its crew;

    c. Failure to provide adequate crew;

    d. Failure to maintain the vessel;

    e. Failure to provide adequate balcony furniture;

    f. Failure to provide safe furniture; and

    g. Failure to warn about furniture defects.

27. Royal Caribbean knew of these conditions and failures but failed to correct them prior to the incident that injured Plaintiff. These conditions and failures were longstanding and obvious to Royal Caribbean, leaving no doubt that Royal Caribbean either knew or should have known about them.

28. Royal Caribbean knew or should have known that the balcony chairs are unsafe for use because the chair has an inadequate locking mechanism, making it possible for the balcony chair to collapse when used.

29. Despite this knowledge, Royal Caribbean proceeded to place this type of chairs on the balconies of the Royal Caribbean *Freedom of the Seas* suites.

30. As a direct and proximate result of Royal Caribbean's conduct, Plaintiff suffered serious injuries when the balcony chair gave in due to the locking mechanism failing.

31. Plaintiff has suffered the following damages as a result of Royal Caribbean's negligence:

    a) Physical injury to Plaintiff's body

    b) Physical pain and suffering

    c) Mental and emotional anguish;

    d) Loss of enjoyment of life;

    e) Disability;

    f) Impairment;

    g) Inconvenience in the normal pursuits and pleasures of life;

    h) Economic Insecurity;

    i) Medical Expenses in the past and future; and

    j) Physical handicap

32.     Plaintiff seeks recovery of these damages and all others recoverable under general maritime law, as well as a trial by jury.

WHEREFORE Plaintiff, Eulalia Martin-Viana, respectfully requests that this Court enter judgment against Defendant, Royal Caribbean Cruises Ltd., for compensatory damages, punitive damages, interest, court costs, and all other relief recoverable under general maritime law or as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims set forth herein.

Respectfully submitted,
/s/ Scott P. Schlesinger
/s/ Jonathan R. Gdanski
SCHLESINGER LAW OFFICES, P.A.
Scott P. Schlesinger, Esq.
Florida Bar No. 444952
Jonathan R. Gdanski, Esq.
Florida Bar No. 0032097
Scott@schlesingerlaw.com
jonathan@schlesingerlawoffices.com
1212 S.E. 3rd Avenue
Fort Lauderdale, FL 33316
Telephone: (954) 467-8800
Facsimile: (954) 320-9509
***ATTORNEYS FOR PLAINTIFF***