UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21171-BLOOM/Torres

EULALIA MARTIN-VIANA,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION**

**THIS CAUSE** is before the Court upon Defendant Royal Caribbean Cruises, Ltd.'s ("Defendant") Motion for Reconsideration of Order Denying Defendant's Motion for Summary Judgment ("Motion"), ECF No. [190]. Plaintiff Eulalia Martin-Viana ("Plaintiff") filed a Response in Opposition, ("Response"), ECF No. [197], to which Defendant filed a Reply, ECF No. [206]. The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, Defendant's Motion is denied.

**I.   BACKGROUND**

    **A.  Complaint**

As recounted in this Court's Omnibus Order on Motions for Summary Judgment, Motions to Strike, and Daubert Motions, ("Omnibus Order"), ECF No. [161], the Complaint, ECF No. [1], contains the following allegations:

On March 24, 2023, Plaintiff filed a maritime personal injury action, asserting one count of negligence against Defendant. Plaintiff alleges that she and her family boarded Defendant's ship, *Freedom of the Seas,* on November 18, 2022. The next morning, Plaintiff woke up early and went to the balcony of her room. When Plaintiff sat on the chair on the balcony, the locking

mechanism gave in causing her to fall backwards, and she hit her head on the sliding glass door. *Id*. ¶¶ 13, 14. Plaintiff alleges she suffered an immediate paralysis, was unable to move her body or speak, and that she was in extreme pain. *Id*. ¶¶ 13-17. Defendant's medical team performed an X-ray, did not find a fracture, and offered Plaintiff pain medication. *Id*. ¶ 17-18. That evening, Plaintiff was flown to a hospital in Tampa, Florida where an X-ray revealed a C5 and C6 neck fracture. *Id*. ¶ 19, 21-22. On December 8, 2022, Plaintiff underwent surgery on her C4, C5, and C6 vertebrae in her neck. She was released from the hospital on January 4, 2023. *Id*. ¶ 24-25. Plaintiff's negligence claim alleges that Defendant failed to supervise its crew, failed to properly train its crew; failed to provide adequate crew; failed to maintain the vessel; failed to provide adequate balcony furniture; failed to provide safe furniture; and failed to warn about furniture defects. *Id*. ¶ 26(a-g). Plaintiff seeks compensatory and punitive damages. *Id*. ¶ 32.

**B. Omnibus Order**

Defendant filed its Motion for Summary Judgment on February 27, 2024, ECF No. [86]. There, Defendant argued summary judgment in its favor was warranted because there was no evidence of a dangerous condition, the condition of the chair at issue in this case was open and obvious, and Defendant lacked notice. *See generally, Id*. Plaintiff responded there was evidence of a dangerous condition because the chair was not intended to be fully reclined by passengers but nevertheless could fully recline, the condition was not open and obvious as conceded to by Defendant's own experts, and Defendant had notice because the manufacturer expressly warned that the "lay-flat position was for shipping purposes only."[1] ECF No. [109] at 2. In its Reply, Defendant argued "if Plaintiff has adduced evidence of a dangerous condition, whatever that

---

[1] The briefings cite this warning in multiple iterations. As written by the manufacturer in its brochure to Defendant and in shipping documents, the express wording is "FLAT POSITION FOR SHIPPING PURPOSES ONLY." *See* ECF Nos. [92-15], [92-20] at 15, and [92-28].

dangerous condition may be is not one that Plaintiff sued Defendant for" and her Complaint should be constrained to liability pertaining to a locking mechanism. ECF No. [121] at 2-3. Furthermore, if a dangerous condition existed, it was open and obvious, and Defendant lacked notice that improperly sitting on the chair could cause this injury, precluding liability. *Id*. at 4-5.

Thereafter, this Court issued its Omnibus Order, in which it denied Defendant's Motion for Summary Judgment. ECF No. [161].[2] Relevant here, the Omnibus Order found the Complaint was "sufficient to put Defendant on notice that the claim relates to whether the chair was sufficiently safe such that it would not fail in the flat position when used by a passenger." *Id*. at 35-36. Regarding notice, this Court found that Defendant did not establish that there was no evidence of a dangerous condition. *Id*. at 36.[3] Plaintiff provided evidence supporting the inference Defendant had notice. However, that evidence failed to unequivocally establish that Defendant had actual or constructive notice that the chair constituted the dangerous condition at issue here. The Court therefore concluded whether Defendant knew or should have known the chair constitutes a dangerous condition that caused Plaintiff's injuries constitutes a genuine dispute of material fact.

Next, the Court found that the dangerous condition was not open and obvious to a reasonable passenger because the chair could be placed in the lay-flat position despite the explicit limitation Defendant received from the manufacturer that the "flat position is for shipping purposes only." *Id*. at 37-38 Furthermore, the Court noted the record evidence did not support summary judgment on this issue because the manufacturer produced a similar chair, with similar dimensions

---

[2] The Omnibus Order addressed four other motions, not at issue in Defendant's Motion for Reconsideration: Plaintiff's Omnibus Motion to Strike Certain Testimony and Experts at Trial, ECF No. [88]; Defendant's Daubert Motion to Strike Certain Testimony and Preclude Testimony of Plaintiff's Experts, ECF No. [87]; Plaintiff's Daubert Motion, ECF No. [89]; and Plaintiff's Motion for Partial Summary Judgment, ECF No. [91].
[3] The Omnibus Order based its conclusion in part on the warnings it received with respect to the subject chair. ECF No. [161] at 44.

3

and in the same product line that was intended to be used while reclined to the flat position. *Id*. at 42.

The Omnibus Order also denied Plaintiff's Motion for Summary Judgment with respect to her failure to warn claim. ECF No. [161] at 45-48. The Court found there was "no genuine dispute that Defendant had repeated notice from the manufacturer that the flat position of the subject chair precluded use by passengers" in that manner. *Id*. at 46. However, the Court concluded that Plaintiff failed to establish that Defendant knew or should have know that allowing a passenger to use the chair in the flat position was likely to cause her injuries. The Omnibus Order therefore concluded whether Defendant had knowledge of the particular dangerous condition constituted a genuine dispute of material fact. *Id*. at 47.

Defendant filed its Motion for Reconsideration on May 23, 2024, pursuant to Fed. R. Civ. P. 60(b). ECF No. [190]. Therein, Defendant contends the Court must reconsider its conclusions with respect to the sufficiency of the Complaint and notice to prevent manifest injustice. *Id*. at 4.

## II.   LEGAL STANDARD

### C.  Motion for Reconsideration

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. Jan. 8, 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)).

> A motion for reconsideration must do two things. First, it must demonstrate some Reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: (1)

an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.

*Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369.

Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," a motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. July 25, 2003) (citations omitted). As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F. Supp. At 1072-73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. Dec. 10, 2008) (noting that reconsideration motions are to be used sparingly, and stating, "imagine how a district court's workload would multiply if it was obliged to rule twice on the same arguments by the same party upon request"). A motion for reconsideration "is not an opportunity for the moving party … to instruct the court on how the court 'could have done it better' the first time." *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008) (citation omitted).

Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court

5

by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. Dec. 3, 1992) (internal quotation marks omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369. Ultimately, reconsideration is a decision that is "left 'to the sound discretion' of the reviewing judge." *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-78DCI, 2020 WL 5534280, at *2 (M.D. Fla. Apr. 1, 2020) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

### III. DISCUSSION

#### A. Sufficiency of the Complaint

Defendant seeks reconsideration of this Court's finding that the "Complaint was sufficient to put Defendant on notice that the claim relates to whether the chair was sufficiently safe such that it would not fail in the flat position when used by a passenger." ECF No. [190] at 4; ECF No. [161] at 35. Defendant argues that Plaintiff "attempted to change her theory of liability with regard to her negligence claim drastically: from a claim of a failed locking mechanism to a claim that she should have been warned how to use the chair." ECF No. [190] at 5. Defendant reasons that *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312 (11th Cir. 2004) is analogous, and there is no requirement that at summary judgment a defendant must have inferred all possible claims against it. *Id*.

Plaintiff responds that Defendant simply disagrees with this Court's application of existing Eleventh Circuit authority which is an insufficient basis for reconsideration. ECF No. [197] at 2. Plaintiff argues her theory of liability has been consistent: Defendant failed to warn about a dangerous condition with respect to the subject chair, and "failed to provide safe and adequate

6

furniture." *Id*. at 3. Plaintiff also argues that denial of her Motion for Leave to File an Amended Complaint ("Motion to Amend") is not a basis for reconsideration, and Defendant had ample notice during discovery and litigation that the claim relates to the safety of the subject chair and whether Defendant failed to warn about the unsafe condition. *Id*. at 4; *see* ECF No. [68].

In Reply, Defendant argues amendment was required, and cites to deposition testimony provided by Plaintiff's expert to argue there was no furniture defect as alleged in the Complaint. ECF No. [206] at 2. Defendant introduces a recent case issued by the Eleventh Circuit after its Motion for Reconsideration was filed, *Ibeh v. Wilson*, No. 23-13128, 2024 WL 2723253 (11th Cir. 2024). *See Id*. at 3. Defendant argues *Ibeh* is further support that Plaintiff attempted to impermissibly amend her Complaint and raise a new theory of liability through her brief opposing summary judgment. *Id*.

Defendant has failed to show that this Court's Omnibus Order is clearly erroneous or otherwise caused manifest injustice. Defendant's reliance on *Gilmour* does not support its argument that Plaintiff's Complaint is beyond the bounds of liberal pleading standards or that she attempted to make a drastic change to her negligence claim. In *Gilmour*, the Eleventh Circuit held that the plaintiff could not "raise a contractual claim in her opposition to [defendant's] summary judgment motion." 382 F.3d at 1315.  The change in liability theory in *Gilmour* left defendant with "no notice of a contract claim based on the tort claims set forth in the complaint." 382 F.3d at 1315. Furthermore, the *Gilmour* court noted that the new contract claim was "without support in the record." *Id*. In contrast, here, Plaintiff has made no such change. Instead, Plaintiff's Complaint has consistently asserted a negligence claim. Plaintiff's allegations with respect to the locking mechanism are not a theory of liability but rather an attempt to explain how the dangerous

7

condition—the chair— "collapsed when used" and caused her to "suffer[ ]serious injuries when the balcony chair gave in." ECF No. [1] ¶¶ 28, 30.

Plaintiff's Complaint alleges that Defendant failed to provide adequate balcony furniture and failed to provide safe furniture, conditions of which it knew but failed to correct prior to her incident. *Id*. ¶¶ 26 (e-f), 27. At no point has Plaintiff withdrawn her allegations, nor has she attempted to change her theory of liability. At all times, Plaintiff has alleged the subject chair was inadequate, the chair gave in, resulting in her injuries. This case is thus distinguishable from *Gilmour*, where the plaintiff withdrew tort claims in response to a motion for summary judgment and attempted to proceed based on a third-party beneficiary contract theory. Plaintiff has not shifted her theory of liability and sufficiently alleged the chair itself constitutes a dangerous condition that caused her injuries.

Defendant's reliance on *Cacciamani v. Target Corp*., 622 F. App'x 800 (11th Cir. 2015) is also distinguishable and similarly fails to show reconsideration is warranted. In *Cacciamani*, the Eleventh Circuit affirmed the district court's grant of summary judgment in favor of defendant, noting "the complaint asserted a negligence claim based on defendant [] 'allow[ing] a dangerous condition to exist on its premises' and 'failing to correct or warn of this condition.'" *Id*. at 804. The plaintiff did not address the defendant's arguments against the open and obvious claims in his opposition to the motion summary judgment, and instead argued that the defendant was potentially negligent under a mode of operation theory that was asserted for the first time in the opposition brief. *Id*. at 803. The *Cacciamani* court rejected the plaintiff's "new responsive theory at the summary-judgment stage [as] too little, too late." *Id*. at 804. The court also noted discovery proceeded upon the allegations set forth in his complaint which were unrelated to the mode of operation theory. *Id*.

Unlike *Gilmour and Cacciamani*, Plaintiff has not raised an alternate theory or new issues for the first time in her response in opposition to summary judgment, her claims have consistently addressed the adequacy of the chair, and the parties conducted discovery on that basis. Defendant was sufficiently on notice of the claims against it, and discovery proceeded in line with those allegations as reflected in the record, including the discovery hearing held on December 7, 2020. ECF No. [67]. The instant case is thus clearly distinguishable from *Gilmour* and *Cacciamani*.

Finally, Defendant's reliance on *Ibeh* is misplaced. In *Ibeh*, the plaintiff brought suit against his former employer, claiming a hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a).[4] *Ibeh v. Wilson*, No. 23-13128, 2024 WL 2723253, at *1 (11th Cir. 2024). Ibeh initially based his claims on "the security office's failure to take his passport, comments on his national original, and forceful removal of him from their office." *Id*. at *2. In his response in opposition to summary judgment, Ibeh revised his claims to instead focus on the conduct and comments of his coworkers. *Id*. The Eleventh Circuit rejected this revision, holding "[i]n a brief opposing summary judgment, a plaintiff may not raise a new theory of liability based on unpleaded factual predicates in support of an already pleaded claim." *Id*. at *2. Similar to *Gilmour* and *Cacciamani*, the court noted the new arguments were insufficient as a legal matter because they "were either speculative or based on inadmissible hearsay" and therefore could not establish sufficiently severe or pervasive harassment for a viable claim under Title VII. *Id*. (citation omitted). *Ibeh*, like *Gilmour* and *Cacciamani*, supports that a plaintiff may not introduce a new theory of liability based on unpleaded predicates. However, the facts here are

---

[4] Ibeh also brought suit for disability discrimination under Section 5 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). However, the disability claim was not addressed with respect to sufficiency of the complaint and is therefore not pertinent to this analysis.

clearly distinguishable. As discussed, Plaintiff has not withdrawn her theory of liability or attempted to assert a new theory at summary judgment.

"The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009). For the reasons stated above, Defendant's introduction of *Ibeh*, and position with respect to *Gilmour* and *Cacciamani*, have failed to show that reconsideration is warranted.

### B. Notice

Defendant moves for reconsideration of this Court's Omnibus Order, arguing Plaintiff failed to establish either actual or constructive notice of a dangerous condition. ECF No. [190] at 6. Defendant argues the Court improperly relied on an opinion offered by Plaintiff's expert that Defendant should have warned Plaintiff not to use the chair in the lay flat position. Defendant contends this opinion does not establish notice and was an insufficient basis to deny summary judgment.

Plaintiff responds that Defendant failed to show there was no genuine dispute regarding whether Defendant had notice of the dangerous condition, and therefore failed to meet its burden at summary judgment. ECF No. [197] at 5. Plaintiff argues she provided ample evidence that the warning Defendant received about the lay-flat position was connected to the dangerous condition, use of expert testimony to support that evidence is proper, and Defendant failed to cite any legal authority indicating expert testimony is improper for this purpose. *Id*.

Defendant replies there was no evidence that Defendant either knew or should have known that Plaintiff could have been injured as alleged and the "document" indicating "lay flat for shipping purposes only" was not notice that Plaintiff could be injured by placing her "center of mass behind the base of support." ECF No. [206] at 4. Further, Defendant contends there is no

connection between the warning and the danger alleged, precluding a finding of notice. *Id*.

This Court determined Defendant failed to meet its burden at summary judgment with respect to notice. To warrant summary judgment, the movant must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Defendant shouldered the initial burden to show the absence of a genuine issue of material fact as to notice, *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008), and was unable to meet that burden. Instead, the record evidence supported that a reasonable jury could find that Defendant had notice of the dangerous condition in accordance with prevailing case law. As addressed above, the Omnibus Order *also* denied Plaintiff's Partial Motion for Summary Judgment with respect to her failure to warn claim and found that a reasonable jury could find the notice Defendant had was insufficient to warn of the particular danger at issue. ECF No. [161] at 47.

Defendant's argument that the Omnibus Order relied upon one expert opinion to address notice is without merit. The Omnibus Order also clearly addressed the plain meaning of the words in the warning, "[t]here is only one circumstance that the subject chair should be laid flat and that is 'for shipping purposes only.'" ECF No. [161] at 42; *see also* RCCL / Freedom Class Care & Maintenance Information, July 1, 2015, ECF Nos. [92-14], [92-20]. Accordingly, that evidence and the relevant factual inferences, viewed in the light most favorable to Plaintiff as non-movant, required the Court to deny finding Defendant's motion for summary judgment was warranted.

Defendant raises additional concerns that the Court finds are without merit. First, whether or not the warning actually contained the word "warning" is irrelevant and not supported by any legal authority. ECF No. [190] n.3. Defendant also misconstrues the Omnibus Order: this Court did not indicate Plaintiff had no burden with respect to notice. Instead, with respect to Defendant's Motion for Summary Judgment, the initial burden was shouldered by Defendant to show an

absence of a genuine dispute of material fact. As discussed, *both* parties moved for summary judgment and the Court found neither party as movants met their burden to show the absence of a genuine issue of material fact on the issue of notice. However, the Court found Plaintiff satisfied her burden as a non-movant to show more than "some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). As discussed, Plaintiff did so by introducing the numerous warnings Defendant had with respect to the chair, supported by expert testimony. Defendant is thus incorrect that the Omnibus Order held that Plaintiff had no burden. Accordingly, the Court concludes that reconsideration is unwarranted.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Reconsideration, **ECF No. [190]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 24, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record