UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21171-BLOOM/Torres

EULALIA MARTIN-VIANA,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

      Defendant.

_____/

## ORDER ON MOTIONS *IN LIMINE*

**THIS CAUSE** is before the Court upon the parties Corrected Joint Summary of the Parties Motions *in Limine*, ECF No. [157]. Plaintiff Eulalia Martin-Viana ("Plaintiff") filed a Supplemental Response to Summary of the Parties Motions *in Limine*, ECF No. [162], and Defendant Royal Caribbean Cruises, Ltd. ("Defendant") filed its Summary Response to Plaintiff's Summary Motion *in Limine* Number 8, ECF No. [166]. The Court has reviewed the Motions, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motions *in Limine* are granted in part and denied in part.

## I.  BACKGROUND

On March 24, 2023, Plaintiff filed a maritime personal injury action, asserting one count of negligence against Defendant. Plaintiff alleges that she and her family boarded Defendant's ship, *Freedom of the Seas,* on November 18, 2022. The next morning, Plaintiff woke up early and went to the balcony of her room. When Plaintiff sat on the chair on the balcony, the locking mechanism gave in causing her to fall backwards, and she hit her head on the sliding glass door.

*Id*. ¶¶ 13, 14. Plaintiff alleges she suffered an immediate paralysis, was unable to move her body or speak, and she was in extreme pain. *Id*. ¶¶ 13-17. Defendant's medical team performed an X-ray, did not find a fracture, and offered Plaintiff pain medication. *Id*. ¶ 17-18. That evening, Plaintiff was flown to a hospital in Tampa, Florida where an X-ray revealed a C5 and C6 neck fracture. *Id*. ¶ 19, 21-22. On December 8, 2022, Plaintiff underwent surgery on her C4, C5, and C6 vertebrae in her neck. She was released from the hospital on January 4, 2023. *Id*. ¶ 24-25. Plaintiff's negligence claim alleges that Defendant failed to supervise its crew, failed to properly train its crew; failed to provide adequate crew; failed to maintain the vessel; failed to provide adequate balcony furniture; failed to provide safe furniture; and failed to warn about furniture defects. *Id*. ¶ 26(a-g). Plaintiff seeks compensatory and punitive damages. *Id*. ¶ 32.

## II.   LEGAL STANDARD

### A.  Motions *in Limine*

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp.2d 1341, 1345 (S.D. Fla. June 10, 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id*. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig*., Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions *in limine*, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018)

2

(quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989)).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011)); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001).

## III.  DISCUSSION

### A.  Plaintiff's Motions *in Limine*

Plaintiff moves to preclude the following eight topics as evidence at trial:

### i. Any Argument that No one Else Has Been Hurt While Using the Subject Chair

Plaintiff moves to exclude any argument, evidence, or testimony that introduces an absence of prior reported injuries by other passengers while using the subject chair. ECF No. [157] at 6. Plaintiff argues evidence that there has been no prior reported injury is impermissible under the Fed. R. Evid. 403 because any probative value "is substantially outweighed by a danger of. . . unfair prejudice, confusing the issues, [or] misleading the jury." *Id.*

Defendant responds that this evidence is relevant to a jury to help determine whether it had notice of the risk-creating condition alleged. *Id.* at 7. From this district, Defendant relies on *Underwood v. NCL Bah., LTD*, Case No. 17-24492-cv-WILLIAMS, 2019 WL 1559026 (S.D. Fla. Apr. 10, 2019) which held "an absence of prior incidents . . . could be probative of whether or not Norwegian had notice of the risk-creating condition. . . . Should Plaintiff wish to challenge the foundation laid by Defendant at trial, she is free to do so; but the evidence is not 'so clearly inadmissible' that it must be excluded at this time." *Id.*, at *2. (citing *Arch Specialty Ins. Co. v. Balzebre*, 0-23775-Civ-Cooke, 2013 WL 12065533, at *1 (S.D. Fla. Jan. 16, 2013)). Moreover, Defendant contends a lack of prior incidents can be relevant to foreseeability and is therefore particularly probative in negligence cases. *Colin v. United States*, No. C–99–5045 EDL, 2001 WL 776998, at *6-7 (N.D. Cal. May 17, 2001).

Plaintiff has failed to meet her burden to show that this evidence, or lack thereof, is clearly inadmissible on all potential grounds. *Gonzalez*, 718 F. Supp. at 1345. Conversely, Defendant has shown that this evidence has probative force. Accordingly, Plaintiff's first motion *in limine* is denied.

### ii. Any Argument Placing Blame on Janus Et Cie

Plaintiff moves to exclude any argument, evidence, or testimony at trial attributing fault to the manufacturer of the chair, Janus et Cie. ECF No. [157] at 8. Plaintiff argues that, consistent with *Burchfield v. CSX Transp.*, No. 1:07–CV–1263–TWT, 2009 WL 1405144 (N.D. Ga. May 15, 2009), Defendant should not be permitted to assert a defense based upon the fault of a non-party. As Defendant did not name Janus as a liable party through its interrogatories, any argument with respect to liability on the part of Janus should be precluded. *Id.*, at *9; ECF No. [157] at 8.

Defendant responds that in its eighth affirmative defense it stated that "any negligent action and/or conduct was solely conducted by, and/or the responsibility of, third parties over which Defendant had no control." *Id.* at 9; *see* ECF No. [21] at 4. Defendant also contends it disclosed Janus as the manufacturer in its third set of interrogatories. ECF No. [157] at 9. Finally, Defendant maintains that if Plaintiff presents arguments at trial pertaining to an inherent design flaw or lack of proper instructions, then it should be allowed to assert partial responsibility on the part of Janus as the manufacturer.

Plaintiff is correct, *CSX* held that a defendant may not raise a defense of third-party liability if the defendant did not sufficiently disclose its accusation of fault against that third party or amend its response to the interrogatory in a timely manner during discovery. *CSX*, 2009 WL 1405144, at *9. The *CSX* court found that an indirect answer to a pointed question with respect to third party liability was not harmless. *Id*. Plaintiff is also correct that Defendant's eighth affirmative defense was vague with respect to negligent actions and referenced only "third parties over which Defendant had no control." ECF No. [21] at 4.

This case has proceeded without naming Janus as a third party with liability, and Defendant has failed to show that its early reference to Janus was a clear implication of third-party liability. Consequently, Plaintiff's second motion *in limine* is granted.

### iii. Any Argument Pertaining to Alcohol Consumption on the Night Prior to the Fall

Plaintiff seeks to exclude any argument, evidence, or testimony with respect to Plaintiff "drinking a glass of wine or any alcohol the night before the fall." ECF No. [157] at 10. Plaintiff argues this is prejudicial and any "probative value is substantially outweighed by a danger of [] unfair prejudice, confusing the issues, or misleading the jury." Fed. R. Evid. 403. Furthermore, this evidence may have an "undue tendency to suggest a decision on an improper basis." *Gonzalez*, 718 F. Supp. 2d at 1347.

Defendant argues its first affirmative defense asserted that Plaintiff was comparatively negligent, and consistent with *Milbrath v. NCL Bahamas, Ltd*., Case No.: 1:17-cv-22071-UU, 2018 WL 2021339 (S.D. Fla. May 28, 2018), the Court should find any prejudicial effect of alcohol consumption is outweighed by the probative value. *Id.*, at *2. Defendant argues the holding in *Milbrath* has been adopted elsewhere in the district, and when a defendant has raised the affirmative defense of comparative negligence, alcohol consumption factors into the accident and "is a question for the jury to decide." *Schliefe v. Royal Caribbean*, Case No. 19-22776-O'Sullivan, 2021 WL 1723673, at *6 (S.D. Fla. April 30, 2021).

Plaintiff has failed to meet her burden to demonstrate that this potential evidence is inadmissible on all potential grounds. *Gonzalez*, 718 F. Supp.2d at 1345. Instead, this evidence is potentially useful for the jury to determine the issue of comparative negligence, and it is for the jury to determine how much weight, if any, to give to the amount of alcohol consumption Plaintiff

may or may not have had. *Schliefe*, 2021 WL 1723673, at \*7. Moreover, courts in this district have consistently held that evidence that a plaintiff may have consumed alcohol while on vacation does not necessarily result in unfair prejudice. *Id.* (citing *Stewart-Patterson v. Celebrity Cruises, Inc.*, 12-20902-CIV, 2012 WL 6061750, at \*4 (S.D. Fla. Dec. 6, 2012) (because people commonly drink alcohol on cruise ships, the court did not see any unfair prejudice that would outweigh the probative value of the evidence). Accordingly, Plaintiff's third motion *in limine* is denied.

### iv. Any Argument and Testimony Regarding the Reduction of Available Overtime

Plaintiff moves to exclude evidence pertaining to the reduction of overtime available to her at her employer, the Miami-Dade County Police Department. ECF No. [157] at 12. Plaintiff seeks this motion *in limine* pursuant to Rule 403 and "the undue tendency to suggest a decision on an improper basis." *Gonzalez*, 718 F. Supp. 2d at 1347. Plaintiff argues such evidence is irrelevant to the extent of the damages she sustained and does not bear on whether she now has the physical capacity to do overtime work. Plaintiff argues her motion *in limine* should be granted because such evidence is prejudicial and would confuse the jury.

Defendant responds that Plaintiff asserted lost wages within her damages claim and alleged that she cannot work overtime due to the injury. ECF No. [157] at 13. Defendant argues that the record evidence is clear, Plaintiff is ineligible to work overtime due to budget cuts preceding the injury. *Id*. Defendant also argues this is a misrepresentation which calls into question her credibility, which the jury should consider. *Id*.

Plaintiff's fourth motion *in limine* is denied. The Court may exclude relevant evidence only if "[the] probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury[.]" Fed. R. Evid. 403. Because Rule 403

allows the court to exclude probative evidence, "Rule 403 is an extraordinary remedy" which should be used sparingly. *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). Here, the Court finds that evidence with respect to overtime earnings is relevant to damages in this case. Moreover, Plaintiff has not demonstrated why a reasonable jury would be confused with the distinction between the physical ability to work overtime and whether or not Plaintiff's job is one in which overtime hours are available. Accordingly, Plaintiff has failed to meet her burden of demonstrating that this evidence is inadmissible on any relevant ground. Plaintiff's fourth motion *in limine* is denied.

### v. Any Argument Pertaining to Prior Neck Degeneration

Plaintiff seeks to exclude any argument, evidence, or testimony addressing Plaintiff's neck degeneration. Plaintiff argues this would be unfairly prejudicial and argues it is well established that when an injury aggravates a pre-existing, latent condition, the proximate cause of the pain or disability is then the injury, not the dormant condition. ECF No. [157] at 14. Plaintiff also reasons such statements are unfairly prejudicial and would mislead and confuse the jury, and it is well established that "Defendant takes the Plaintiff as he finds her." *Id*.

Defendant responds by citing to case law that preexisting injuries are relevant to damages, and its "ability to present alternate causes is of paramount importance in allowing for an adequate defense." *Aycock v. R.J. Reynolds Tobacco Co*., 769 F.2d 1063, 1069-70 (2014). *Santana v. Carnival Corp*., Case No. 09-23113-cv-Gold, 2011 WL 13220283 (S.D. Fla. Sept. 7, 2011).

This Court's Omnibus Order struck the opinions of Dr. Garcia, Defendant's retained expert, with respect to whether Plaintiff had a degenerative neck condition and any causal relationship to the injuries alleged in this case. ECF No. [161] at 16, 30. The Omnibus Order also granted summary judgment in favor of Plaintiff with respect to Defendant's fifth affirmative

defense, finding "Plaintiff has met her burden to demonstrate that Defendant cannot sustain its fifth affirmative defense with respect to any preexisting injuries being the cause of her injuries." ECF No. [161] at 51, ECF No. [21] at 3. It was Dr. Garcia's testimony that Defendant relied upon to assert "there is evidence that Plaintiff had a pre-existing condition" in its Response to Plaintiff's Motion for Summary Judgment. ECF No. [104] at 4. A reduction in damages cannot be assessed given the Court struck the opinion regarding the alleged condition. Accordingly, Plaintiff's fifth motion *in limine* is granted.

### vi. Any Argument Pertaining to Plaintiff's Family Being Combative Toward Royal Caribbean Personnel or Making Statements About a Making a Claim

Plaintiff moves to exclude testimony that her family members confronted Defendant's staff stating their intent to file a lawsuit after the incident will cause unfair prejudice and create an undue tendency to suggest a decision upon an improper basis. R. 403; *Gonzalez*, 718 F. Supp. 2d at 1347. Specifically, Plaintiff asserts that this would mislead the jury into believing Plaintiff was seeking a windfall and will detract from the evidence in this case. ECF No. [157] at 16.

Defendant argues that Plaintiff's son asserted his intent to sue as she was being treated onboard the vessel, and the family interfered with her medical treatment. *Id*. at 17.

The Court finds Plaintiff has not demonstrated a sufficient basis upon which to exclude this testimony, and has not met her burden of demonstrating this evidence is inadmissible on any relevant grounds. *Gonzalez*, 718 F. Supp. 2d at 1347. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886. Accordingly, Plaintiff's sixth motion *in limine* is denied.

### vii. Air Transport Bill

Plaintiff seeks to exclude any argument, evidence, or testimony at trial that Defendant paid for Plaintiff's Jet ICU air ambulance bill from the Bahamas to St. Joseph's Hospital in Tampa, Florida. ECF No. [157] at 18. Plaintiff cites to *Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295 (11th Cir. 2020) which held "plaintiffs are entitled to recover the reasonable value of their treatment for injuries they have sustained, regardless of whether their medical expenses have been paid and by whom." *Id*. at 1310. Plaintiff argues as the collateral source rule bars admission into evidence of payments made by third parties, introducing the Jet ICU bill therefore creates an undue tendency to for the jury to make a decision based upon an improper basis. *Gonzalez*, 718 F. Supp. 2d at 1347.

Defendant argues that in *Higgs*, the Eleventh Circuit held "the appropriate measure of medical damages is a reasonable value determined by the jury upon consideration of all relevant evidence. Both the amount paid by healthcare providers and the amount paid by insurers are admissible as relevant to the question of reasonable value." 969 F.3d 1295, 1308 (11th Cir. 2020).

As Defendant noted, *Higgs* held that the jury must consider *all* relevant evidence, including amounts both billed and paid. *Id*. at 1314. As the Eleventh Circuit held "it is wiser to leave. . . the reasonable value of medical services received by a particular plaintiff in a particular case [] to the jury upon its consideration of all relevant evidence." *Higgs*, 969 F.3d at 1313. The bill for the Jet ICU flight as a piece of evidence is admissible. Consistent with *Higgs*, Defendant may make statements as to their payment of the bill as the "guiding principle is that plaintiffs are entitled to recover the reasonable value of treatment for injuries they have sustained, regardless of whether their medical expenses have been paid and by whom." *Id*. at 1311 Accordingly, Plaintiff's seventh motion *in limine* is denied as to statements and arguments that Defendant was the payer of the bill.

### viii. Previous Marriages

Plaintiff argues evidence concerning her prior marriages has no bearing on the issues pertaining to this case, is irrelevant, and prejudicial. ECF No. [157] at 20. Plaintiff also reasons sustaining objections would merely reinforce the impact of those statements made in front of the jury at trial, and therefore not cure any prejudice. *Id*.

Defendant responds Plaintiff has put her emotional and psychological condition at issue in in this case. ECF No. [166] at 1. Defendant reasons that for medical claims with a psychological component, courts in this district have found a high probative value as to evidence on previous marriages, and with respect to emotional distress, such evidence is not unduly prejudicial. *See Boneta v. Am. Med. Sys*., Case No. 20-CIV-60409-RAR, 2021 WL 6776246, at *5 (S.D. Fla. Oct. 7, 2021); *see also Goines v. Lee Mem'l Health Sys.,* Case No: 2:17-cv-656-FtM-29UAM, 2019 WL 2211058, at *3 (M.D. Fla. May 22, 2019).

In *Goines*, the plaintiff brought suit for sexual assault. Nevertheless, in *Goines*, the court determined that evidence with respect to the plaintiff's marriages was relevant to her claim for damages due to severe emotional distress from the assault. 2019 WL 2211058, at *4. The court rejected the plaintiff's argument that she would experience unfair prejudice by jurors who look down upon divorce and multiple marriages, warranting a grant of her motion *in limine*. *Id*. The court found this evidence would be relevant and also not unduly prejudicial. *Id*.

In *Boneta*, the court initially granted motions *in limine* regarding prior marriages, noting the topics were "intensely personal nature and the delicate balancing required." 2021 WL 6776246, at *4. The court later reversed and denied the motions *in limine*, including the motion with respect to prior marriages, as such evidence had a high probative value and the court lacked information how the defendant planned to pursue its inquiry in the context of trial. *Id*.

11

As Plaintiff has alleged that due to this incident she has suffered "mental and emotional anguish," evidence related to her prior marriages is therefore relevant to and probative of her emotional well-being and not unduly prejudicial. The Court notes that this evidence and line of inquiry should be constrained to Plaintiff's emotional well-being. Accordingly, Plaintiff's eighth motion in *limine* is *denied*.

### B.  Defendant's Motions *in Limine*

Defendant moves to preclude evidence or arguments with respect to the following fourteen topics at trial:

#### i. Motion *In Limine* Precluding Cumulative Testimony of Plaintiff's Expert(s) and/or Treating Physician(s)

Defendant moves under Rule 403 to preclude the introduction of testimony that is either duplicative or cumulative from Plaintiff's treating and expert physicians, citing a concern of "undue delay, waste of time, or needless presentation of cumulative evidence." ECF No. [157] at 22. Defendant argues that Plaintiff's disclosures indicate that there may be an attempt to elicit the same or substantially similar testimony from her witnesses. *Id*. Furthermore, Defendant reasons when a party calls successive expert witnesses to testify on the same topic, a court may prevent such cumulative or needlessly time-consuming testimony. *See Royale Green Condo. Assn, Inc. v. Aspen Specialty Ins. Co.*, No. 07 CIV-21404, 2009 WL 2208166 (S.D. Fla. July 24, 2009); *see also U.S. v. Masferrer*, 367 F. Supp. 2d 1365, 1374 (S.D. Fla. 2005).

Plaintiff responds that it is the needless presentation of cumulative evidence Rule 403 prohibits. *City of Tuscaloosa v. Harcros Chems.*, 158 F.3d 548, 562 (11th Cir. 1998). Plaintiff reasons a treating physician and an expert will provide unique perspectives, not needlessly duplicative testimony. ECF No. [157] at 23.

The Court finds Defendant has not met its burden. While Defendant argues Plaintiff's

disclosures suggest she *may* attempt to solicit substantially similar evidence from the treating and expert orthopedic physicians, that is not enough to find the testimony is clearly inadmissible on all grounds, duplicative, or needlessly cumulative at this stage. Plaintiff represents she will seek to introduce testimony based upon the unique perspectives and position of her treating versus expert physicians to permit the jury to come to a full understanding of the damages.

The Court also notes Defendant's case law is unavailing. In *Royale Greene* the court granted a motion *in limine* to exclude at trial unsworn statements of four unavailable condo unit owners that a Rule 703 expert witness relied upon as a basis of his opinion. 2009 WL 2208166, at \*2. The *Royal Greene* court also noted those four unsworn statements were hearsay, and "duplicative of the twenty other statements from similarly situated unit owners, all of whom have already been deposed." *Id*. This does not suggest that the testimony of a treating physician and an expert physician from the same medical field should be excluded. Defendant's first motion *in limine* is denied.

### ii. Motion *In Limine* Precluding Evidence of Plaintiff Being in Danger of Dying

Defendant seeks to exclude any testimony that Plaintiff was in danger of death due to the subject incident. ECF No. [157] at 24. Defendant argues under Rule 403, any probative value is substantially outweighed by unfair prejudice to it, and such testimony is highly prejudicial and may mislead the jury. *Id*.

Plaintiff responds that testimony with respect to the life-threatening nature of Plaintiff's injuries and the incident is relevant to prove certain facts of consequence in this case: that Plaintiff lives in fear after this traumatic event which she relives daily, and this is related to her claim for damages for her pain and suffering. ECF No. [157] at 25.

Plaintiff contends this testimony may provide perspective to the jury with respect to her damages claim, therefore it is not more prejudicial than probative. Moreover, as Plaintiff has provided a basis upon which such testimony is relevant, Defendant has failed to demonstrate this evidence is clearly inadmissible on all potential grounds. *Gonzalez*, 718 F. Supp. 2d at 1345. Defendant's second motion *in limine* is denied. *Id.*

### iii. Plaintiff Should Be Precluded from Offering Any Opinions from Dr. Cesar Ceballos Beyond Those Arising from Treatment

Defendant moves *in limine* to limit any testimony from Dr. Cesar Ceballos because Plaintiff failed to disclose the necessary Rule 26(a)(2)(B) report for Dr. Ceballos as an expert. For support of its argument, Defendant cites *to In re Denture Cream Products Liab. Lit*., No. 09–2051–MD, 2012 WL 5199597, at *4 (S.D. Fla. Oct. 22, 2012) and *Meredith v. Int'l Marine Underwriters*, No. GLR–10–837, 2012 WL 3025139, at *5 (D. Md. July 20, 2012).

Plaintiff responds that Defendant's motion is overly broad, and the Court should decline to rule on it. ECF No. [157] at 27. Plaintiff also argues that treating physicians "are generally not subject to the mandatory expert witness disclosure." *St. Vincent v. Werner Enterprises, Inc.* 267 F.R.D. 344, 345 (D. Mont. 2010). Plaintiff reasons while she does not plan to offer testimony from Dr. Ceballos beyond his treatment and conclusions thereof, a bar is improper.

Dr. Ceballos is a treating physician and under *Cedant v. United States of America*, 75 F.4th 1314 (11th Cir. 2023) "[n]o rule requires any non-retained expert witness to file a written report under Rule 26(a)(2)(B). And whether a doctor is retained (or not) depends on whether she was hired to testify or to treat." *Id*. at 1326. Therefore, in the Eleventh Circuit, district courts retain discretionary power to require detailed submissions or not from experts who were not retained for purposes of the litigation. *Id*.

The Court notes that Plaintiff indicated that she "does not intend to have Dr. Ceballos offer any opinion beyond his treatment." In response to Defendant's first motion *in limine*, Plaintiff has already distinguished the role of Dr. Ceballos as the treating orthopedic physician against the role of Dr. Yacoubian, the expert orthopedic surgeon, with respect to her planned testimony at trial. *Compare* ECF No. [157] at 27 *with* [157] at 23. Accordingly, the Court finds Defendant has not met its burden to show this testimonial evidence is inadmissible on any relevant grounds or that Dr. Ceballos should be limited testifying only about his treatment of Plaintiff. *Cedant*, for example, expressly permits a treating physician to testify as to causation without a Rule 26(a)(2)(B) report. 75 F.4th at 1325. Defendant's third motion *in limine* is denied.

### iv. Plaintiff Should Be Precluded from Introducing Opinions from Randall Jacques or Leonard Backer That Are Legal Conclusions

Defendant seeks to exclude *in limine* any testimony from Plaintiff's experts, Randall Jacques or Leonard Backer, that are legal conclusions. ECF No. [157] at 28. Defendant argues in this district "it is well-established that experts may not offer legal conclusions." *See e.g.*, *Zarfaty v. Garden Fresh Rest. Corp.*, No. 15-cv-60268, 2019 WL 8810306 (S.D. Fla. Oct. 30, 2019).

Plaintiff responds this motion lacks specificity and is overly broad. ECF No. [157] at 29. Without knowing what actual testimony or argument is at issue, the most practical solution would be to defer this issue for trial. *Id*.

The Court does not dispute that experts may not offer legal conclusions at trial. However, Defendant failed to indicate any specific testimony it seeks to preclude that might be a legal conclusion. As in a case Defendant relied upon, *Higgs v. Costa Crociere S.P.A.*, 15-60280-CIV-COHN, 2016 WL 4370012 (S.D. Fla. Jan. 12, 2016), the court ruled on specific statements made in Jacques' expert report (Jacques also served as an expert in that case) such as "Costa is at fault,"

"the crew was careless" and statements addressing legal standards to consider. *Id*., at *7. Here, Defendant has not indicated any specific statements within the reports of either witness. As such, Defendant's fourth motion *in limine* is denied.

### v. Defendant's Motion *in Limine* Precluding Evidence of Paralysis

Defendant seeks to preclude Plaintiff "from introducing any testimony of paralysis" under Rule 403. ECF No. [157] at 30. Defendant argues that Plaintiff had a "loss of sensation in her limbs following the subject incident" but is not paralyzed and has returned to work full time. *Id*. Defendant reasons reference to "her possibly having become paralyzed" due to the incident is highly prejudicial, may mislead the jury, and warrants exclusion.

In her Response, Plaintiff agrees that she is not paralyzed. *Id*. at 31. However, she argues that she was diagnosed with partial quadriplegia as a result of the subject incident and currently has a diagnosis of hemiparesis (hemiplegia) which is a loss of strength on one side of the body, which can cover arms, legs, and sometimes the face. *Id*. Plaintiff reasons the same injury that caused her initial quadriplegia left her with hemiplegia. *Id*. Therefore, the initial diagnosis with respect to quadriplegia is relevant and outweighed by any prejudice.

The Court agrees with Plaintiff. Whereas the same injury that caused her initial quadriplegia has resulted in her current hemiplegia, testimony with respect to her experience with paralysis is relevant, and not more prejudicial than probative, in accordance with Rules 401 and 403. Nor does the Court find testimony with respect to paralysis a "matter of scant [] probative force" worthy of exclusion for its prejudicial effect. *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001). Instead, what form of paralysis Plaintiff suffers from will be crucial to a determination of damages. Defendant has therefore failed to meet its burden to demonstrate that

this evidence is inadmissible on all relevant grounds, and Defendant's fifth motion *in limine* is denied.

### vi. Financial Resources

Defendant moves to preclude two forms of evidence and testimony with respect to financial resources. First, Defendant seeks to preclude Plaintiff from introducing any reference to her "need for financial compensation" or her "limited resources" which are prejudicial and constitute reversible error. ECF No. [157] at 32. Defendant also seeks to exclude any reference to its "superior financial resources vis-a-vis Plaintiff." *Id*.

Plaintiff responds she does not plan to elicit any evidence pertaining to Defendant's net worth or to compare the parties' respective resources. *Id*. at 33. However, Plaintiff argues evidence as to the change in her "financial situation" as a direct result of the subject incident and the injuries she suffered is proper. *Id*.

Plaintiff does not dispute that she is not permitted to use any disparity in financial resources as a means to coerce or improperly influence the jury. Plaintiff represents that she has no intention of introducing or eliciting any evidence related to the financial resources or net worth of Defendant. ECF No. [157] at 33. However, evidence with respect to Plaintiff's "financial situation" or "financial position" is similarly precluded. It is not only comparative wealth that is precluded from trial, rather "no reference should be made to the wealth or poverty of a party." *Brough v. Imperial Sterling, Ltd*. 297 F.3d 1172, 1178 (11th Cir. 2002) (quoting *Batlemento v. Dove Fountain, Inc*., 593 So. 2d 234, 241 (Fla. 5th DCA 1991)). Accordingly, Defendant's sixth motion *in limine* is granted.

**vii. Plaintiff Should Be Precluded from Offering Evidence of Prior Incidents**

Defendant seeks an order precluding prior incidents "[s]hould Plaintiff attempt to offer evidence of prior incidents" arguing she cannot meet her burden to prove that any exist. ECF No. [157] at 34. Defendant reasons evidence of prior incidents is highly prejudicial, therefore the party seeking to offer such evidence bears the burden to show substantial similarity between the prior and the subject incident. *Id*. For support, Defendant relies on *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01-CV-545-FTM-29DNF, 2004 WL 4054843 (M.D. Fla. July 22, 2004*), Jones v. Otis Elevator Co.*, 861 F.2d 655 (11th Cir. 1988), and *Heath v. Suzuki Motor Corp.*, 126 F.3d 1391 (11th Cir. 1997).

Plaintiff responds that this motion is premature, and this Court should withhold ruling until such evidence is proffered by Plaintiff. ECF No. [157] at 35.

Defendant's motion is without merit. Defendant has not referred to any specific evidence Plaintiff seeks to introduce at trial for this Court to analyze, and whether exclusion is warranted is a fact specific inquiry. *See Jones v. Otis*, 861 F.2d at 662 (finding no error with respect to constructive notice when the reports in the case "reflected substantially similar incidences which were not too remote in time."); *but see Miller v. Ford*, 2004 WL 4054843 at *1 (granting a motion *in limine* for testimony based upon statistics where neither the accidents nor the vehicles supporting the statistics were shown to not be substantially similar); *See Heath*, 126 F.3d at 1398 (finding the "substantial similarly" doctrine did not apply for "evidence involving rollovers of three dissimilar vehicles [] offered by Suzuki to explain how rollovers occur.")

Accordingly, Defendant has failed to show that any specific evidence as to prior incidents is inadmissible on any relevant grounds. Evidence of prior incidents requires an analysis of

substantial similarity, which is case and fact specific. Accordingly, Defendant's seventh motion *in limine* is denied.

### viii. Urging Jury to "Send a Message" to a Defendant

Defendant seeks to exclude any comment urging the jury to "teach the defendant a lesson" or "let them know they can't get away with it" due to the highly prejudicial nature of such comments.

Plaintiff has no objection. Accordingly, Defendant's eight motion *in limine* is granted.

### ix. Defendant's Motion *in Limine* Precluding Criticism of Treatment in Tampa Instead of Miami

Defendant seeks to exclude testimony or the introduction of an opinion criticizing the medical treatment she received in Tampa prior to Miami under Rule 403 as no expert testimony has been adduced to indicate treatment in Tampa was "somehow inferior to treatment. . . in Miami." ECF No. [157] at 38.

Plaintiff has no objection. Accordingly, this ninth motion *in limine* is granted.

### x. Plaintiff Should Be Precluded from Presenting Testimony Regarding Loss of Earning Capacity and Future Wages

Defendant moves *in limine* to preclude Plaintiff from introducing at trial any testimony with respect to loss of earning capacity or future wages. ECF No. [157] at 40. Defendant reasons Plaintiff's vocational expert, Susan McKenzie, opined that Plaintiff's inability to work overtime is the value of her lost wages. *Id*. However, Defendant points out that Plaintiff has been ineligible to perform overtime work due to budget cuts preceding the incident. *Id*.

Plaintiff responds her loss of future income is a question to be decided by the jury. *Id*. at 41. Both parties rely on *Villalobas v. American Airlines, Inc*., No. 96–6413–CIV, 1998 WL 1770592 (S.D. Fla. Nov. 13, 1998). Defendant argues income estimation may be somewhat

speculative but requires "some basis in reality and not be the product of wholesale speculation." ECF No. [157] at 40. To this, Plaintiff contends she has disclosed her prior W-2 forms and pay stubs, sufficient evidence to support a finding by the jury of lost wages. *Id*. at 41.

The Court finds Defendant has not shown that any testimony with respect to loss of earning capacity or lost future wages is clearly inadmissible on all potential grounds." *Gonzalez*, 718 F. at 1345. A reasonable jury may find that Plaintiff's inability to work overtime precludes her from finding a second job to compensate that she may have otherwise sought out, or loss of earnings if budgetary restrictions change, permitting her the opportunity to work overtime again in the future. Furthermore, the documentation Plaintiff provided is not based on "speculation and guesswork" lacking in significant probative value. *Coats & Clark, Inc. v. Gay*, 755 F.2d 1506, 1510 (11th Cir. 1985) cert. denied, 474 U.S. 903 (1985). Instead, Plaintiff has provided reasonable, non-speculative grounds for a jury to determine lost earning capacity and future wages. Accordingly, Defendant has failed to meet its burden and its tenth motion in *limine* is denied.

### xi. Plaintiff Should Be Precluded from Offering Any Opinions from Treating Physicians Not Properly Disclosed Pursuant to Rule 26(a)(2)(C)

Defendant argues Plaintiff's Rule 26 disclosures with respect to her treating physicians was deficient as she failed to provide (1) the subject matter on which the witnesses were to present evidence pursuant to Rules 702, 703, and 705; and (2) a summary of the facts and opinions of which the witness is expected to testify. *Jones v. Royal Caribbean Cruises, Ltd.*, No. 12–20322–CIV, 2013 WL 8695361 (S.D. Fla. Apr. 4, 2013). Defendant cites to additional case law to reason Plaintiff failed to meet this minimal burden without explanation, and exclusion is warranted.

Plaintiff responds her expert and supplemental disclosures identified both the treating physicians, "and the detailed testimony they would provide." ECF No. [157] at 43. As "[a]ny

perceived non-disclosure is harmless" with no prejudice to Defendant, the motion should be denied. *Id.*

The Court finds that Defendant had the opportunity to raise these issues at the time the Court addressed the parties' *Daubert* motions. This is evident as Defendant filed a motion for summary judgment seeking, in part, a *Daubert* motion to strike and exclude several of Plaintiff's experts which this Court already addressed. ECF No. [87], [161]. Accordingly, Defendant's eleventh motion in *limine* is denied.

### xii. Motion in *Limine* Precluding Testimony Regarding Future Surgery

Defendant moves to exclude any testimony or evidence that Plaintiff needs surgery in the future because there is no opinion offered that future surgery is required. ECF No. [157] at 44.

Plaintiff responds she does not need to provide definitive evidence when the next surgery will occur, just that future care is reasonably necessary. ECF No. [162] at 3. Plaintiff's treating physician notes that surgery is the next step, and her expert orthopedic surgeon believes the neck fusion Plaintiff underwent puts additional stress on her body which will degenerate over time. *Id.* at 155. Plaintiff reasons she only needs to demonstrate that future medical care is reasonably certain, which she has done, and therefore Defendant's motion should be denied.

Defendant has not demonstrated that this testimony with respect to potential future surgery is inadmissible on all relevant grounds. As in *Brook v. U.S.*, No. 08–60314–CIV, 2009 WL 1298303 (S.D. Fla. May 8, 2009) findings need only be sufficiently specific such that a court has a basis to reach an ultimate conclusion with respect to a plaintiff's future medical expenses. *Id.* at *2. As with *Frost v. McNeilus*, No. 8:14–cv–81–T–24 MAP, 2015 WL 773352 (S.D. Fla. Feb. 24, 2015) qualifications placed on an expert opinion goes to the weight of the evidence, not admissibility. *Id.* at *3. Furthermore, whether "procedures are reasonably necessary is an issue for

the jury to decide so long as there is competent evidence upon which the issue may be submitted to the jury." *Id*. at *3. In *Frost*, the doctor opined that a surgery would be needed within the lifetime of the patient but would not constrain her opinion to surgery within the next fifteen years. *Id*. at *2. Here, Dr. Ceballos has indicated surgery is the next course of action as Plaintiff's recovery has stalled, and Dr. Yacoubian has indicated the stress from this injury coupled with aging increases degeneration, which is "competent evidence upon which the issue may be submitted to the jury." *Id*. at *3 (citation omitted). Accordingly, Defendant's twelfth motion in *limine* is denied.

### xiii. Motion in *Limine* Precluding Testimony Regarding Safety Meeting After Accident or Warning Signs

Defendant moves to preclude any testimony pertaining to a safety meeting held after the alleged incident occurred. ECF No. [157] at 46. Defendant argues evidence of subsequent remedial measures is inadmissible to prove negligence, product or design defects, or a need for warning or instruction. *Id*.

Plaintiff responds that Rule 407 permits evidence of a subsequent remedial measure for other purposes, including impeachment, proving ownership, control, or feasibility of precautionary measures. Fed. R. Evid. 407; ECF No. [162] at 5.

The Court grants Defendant's thirteenth motion in *limine* in part with respect to its request to exclude testimony on subsequent remedial measures pursuant to Rule 407, namely, to impermissibly prove negligence, culpability, defect in a product or its design, or a need for warning or instruction. No opposition with respect to this portion of Rule 407 has been lodged. However, as Rule 407 also permits such testimony for "other purposes" as detailed above, Plaintiff will not be precluded from testimony or evidence that she may use at trial in accordance with Rule 407.

**xiv. Defendant's Motion in *Limine* Precluding Testimony Criticizing Medical Care on Board Vessel**

Defendant moves to preclude any testimony at trial that criticizes the medical care Plaintiff received aboard Defendant's vessel. ECF No. [157] at 48. Defendant reasons no expert testimony was disclosed with respect to this issue, therefore, under Rule 403, "any testimony criticizing any care" with respect to this issue should be excluded in *limine*.

Plaintiff argues this is an overly broad motion that lacks specificity. ECF No. [162] at 7.

The Court agrees that Defendant's motion seeking to exclude "any testimony criticizing any care" is overly broad and fails to indicate what undue prejudice Defendant will necessarily contend with if there is any form of criticism of the medical care Plaintiff received on aboard Defendant's vessel. Accordingly, Defendant's fourteenth motion in *limine* is denied.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motions in *Limine* and Defendant's Motions in *Limine*, **ECF No. [157],** are **GRANTED IN PART** and **DENIED IN PART**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 26, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

23