**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 23-21171-Civ-BLOOM/TORRES

EULALIA MARTIN-VIANA,

    *Plaintiff*,

v.

ROYAL CARIBBEAN CRUISES LTD.,
a foreign profit corporation,

    *Defendant*.

_____/

**REPORT AND RECOMMENDATION**
**ON PLAINTIFF'S MOTION FOR TAXABLE COSTS**

This matter is before the Court on Plaintiff's motion for taxable costs against Royal Caribbean Cruises, Ltd. ("Royal"). [D.E. 281]. Royal responded to the motion on September 13, 2024 [D.E. 285] to which Plaintiff replied on September 18, 2024. [D.E. 286]. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, the motion for costs should be **GRANTED in part** and **DENIED in part**.[1]

---

[1] On September 05, 2024, the District Judge referred Plaintiff's motion for taxable costs to the undersigned Magistrate Judge for disposition. [D.E. 282].

1

## I.   BACKGROUND

Plaintiff filed this action on March 24, 2023, seeking damages for a severe personal injury suffered while onboard a Royal cruise that occurred in 2022. Plaintiff claimed Royal was negligent in placing a lounge chair on a stateroom balcony and not warning her of the dangerous condition the chair posed in a lie flat position. Royal denied any liability, insisting that Plaintiff was solely responsible for her injuries, or alternatively that Plaintiff was comparatively negligent in misusing the lounge chair.

The case did not settle at mediation or a settlement conference before the Court. The case instead proceeded to a jury trial, which lasted seven days and resulted in a verdict entered July 16, 2024. [D.E. 271]. The jury found both Royal and Plaintiff negligent in causing her injuries, finding that Royal was only 12 percent liable whereas Plaintiff was 88 percent responsible. The total damages were fixed at $5,612,000. The Court, accordingly, entered judgment for Plaintiff against Royal in the amount of $717,139.33. [D.E. 276, 277].

The Court notes that Plaintiff has filed a motion for new trial that remains pending, which if granted of course could make entry of a cost award premature if a new trial is ordered and upheld on appeal. Upon review of the motion for new trial, however, the Court has determined that the limited likelihood of a new trial counsels in favor of adjudicating the pending motion in its current form, which can of course be vacated if it became necessary to do so.

## II. APPLICABLE PRINCIPLES AND LAW

Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A strong presumption exists in favor of awarding costs.[2] *Id.* A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920). "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). A court should not take into consideration the relative wealth of the parties, as it would undermine the presumption that Rule 54(d)(1) creates in favor of the prevailing parties. *Id.*

"The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C.

---

[2] The following costs are permitted under 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

1920." *Shave v. Stanford Fin. Grp., Inc.*, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008). If such a filing is made, the opposing party has the burden of showing that the requested costs fall outside the scope of this statute or are otherwise unreasonable. *See, e.g., Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009) (finding that the burden lies with the challenging party to show that depositions were not related to an issue in the case at the time they were taken, and thereby show they were not wholly or partially "necessarily obtained for use in the case.").

### III. ANALYSIS

Plaintiff seeks a total cost award of $45,587.36. The total includes, among other things, costs for service of summons and subpoenas, deposition transcripts and videographers, trial transcripts, witness fees, photocopying, docketing fees, and court interpreters for trial.

Royal opposes the motion. First, Royal argues that no costs should be awarded given Plaintiff's limited award when compared to the amount she demanded in the case. Second, even if costs are due, Royal argues that several costs should not be included at all, such as interpreter charges and pacer costs, and also that other costs are duplicative or unnecessary such as many of the transcription costs included in the motion. The costs should, therefore, be denied entirely or materially reduced.

### A.  *Entitlement to Costs*

To recover costs, Plaintiff must be a prevailing party. *See* Fed. R. Civ. P. 54(d)(1) (providing that "[u]nless a federal statute, these rules, or a court order

4

provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). If Plaintiff is not a prevailing party, the inquiry ends absent statutory or contractual language to the contrary. To determine whether a party is "prevailing," it requires a finding of a court-ordered material alteration in the legal relationship between the parties. *See Buckhannon Bd. and Care Home, Inc.*, 532 U.S. at 605. A "material alteration" occurs in: "(1) a situation where a party has been awarded by the court 'at least some relief on the merits of his claim' or (2) a 'judicial imprimatur on the change' in the legal relationship between the parties." *Smalbein ex rel. Est. of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003) (quoting *Hewitt v. Helms,* 482 U.S. 755, 760 (1987)).

Even though she clearly did not obtain the amount of damages she desired through this case, there is no denying that Plaintiff is a "prevailing party" for purposes of Rule 54 and entitled to costs because, ultimately, judgment in her favor was entered by the Court for a substantial sum. This suffices as a material alteration in the legal relationship between the parties because usually the "the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)". *Head v. Medford,* 62 F.3d 351, 354 (11th Cir. 1995) (quoting *United States v. Mitchell,* 580 F.2d 789, 793–94 (5th Cir. 1978)); *see also Three–Seventy Leasing Corp. v. Ampex Corp.,* 528 F.2d 993, 998-99 (5th Cir.1976) (reversing a district court's award of costs to the defendant where the plaintiff won its breach of contract claim and was entitled to an award of nominal damages).

5

Royal's position is premised on the theory that she only prevailed as to 12 percent of her damages, so Royal prevailed on more issues tried in the case than Plaintiff. But for purposes of Rule 54, such a weighing of success is not the issue. Instead, the Court only determines whether a plaintiff filing an action has obtained a material change in the legal relationship between the parties. By no measure is a $770,000 judgment not a "material" change in the parties' relationship because that sum goes a long way at compensating Plaintiff for her damages in the case. And even if Royal could have been required to compensate her for far more than that had its comparative negligence defenses not also prevailed, Rule 54 is satisfied when a plaintiff only achieves some of what she was pursuing. Plaintiff is thus entitled to seek costs as a prevailing party.

### B. *The Disputed Costs*

Having established that Plaintiff is the prevailing party, Royal insists that the costs included in the motion and bill of costs should be reduced by some indeterminate amount. Royal takes issue with four categories of costs in the motion, including all of the interpreter charges and pacer costs, and a reduction in costs for duplicative or unnecessary expenses such as daily trial transcription costs included in the motion.

#### *(1) Interpreter Costs*

The first issue we will address is whether Plaintiff is entitled to any of the $6,500 charged for interpreter costs incurred in the case. Royal maintains that Plaintiff is improperly including this cost from Catalina Kidd Interpreting, LLC for "trial translation services," and "Trial interpretation." The corresponding bill

6

includes a rate of $1,000 per day for each interpreter who charged for three full days and one half-day, plus overtime charges.  Royal concludes there is no explanation for this charge as neither party required an interpreter and Plaintiff testified in English. Moreover, the charges sought are also purportedly excessive.

Under 28 U.S.C. § 1920(6), a prevailing party may tax costs for the "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."  Interpreter costs for live testimony are thus presumptively taxable under the statute. *See, e.g., MKT Reps S.A. De C.V. v. Standard Chartered Bank Intern. (Americas) Ltd.,* 2013 WL 1289261, at *4 (S.D. Fla. Mar. 28, 2013) (concluding that 28 U.S.C. § 1920(6) allows the award of costs for interpretation of live testimony, but not for the translation of written documents).

Here Plaintiff argues that the three days' worth of interpreter costs at trial were necessary because two important witnesses required translation services. While Plaintiff did not need a translator, her husband Raul Martin-Viana, a key witness to Plaintiff's case, did not speak fluent English and required an interpreter to testify before the jury.  Royal understood this when it deposed Mr. Martin-Viana using the services of an interpreter.  Further, a friend of Plaintiff's, Ysabel Torres, also testified at on day four of the trial and required a translator.  Lastly, Plaintiff argues that the cost was reasonable given that the parties had to comply with the Court's pretrial order requiring them to have one interpreter present if required.

Plaintiff thus argues that translator services were necessary and that their presence on some of the days at trial was reasonable.

The Court's review of the transcript shows that, in fact, these witnesses testified at trial and both required the services of an interpreter. The record also shows, however, that on one day of the three charged there did not appear to be any need for any interpreter, though of course Plaintiff may have requested the interpreter's presence in the event one of the two witnesses had to be called that day to testify in person. Though the Court could exclude that day's charges, judges require parties to be fully prepared to present their next available witness if the earlier testimony ceases. And we thus cannot be too critical of counsel over-preparing in the event that such a situation occurred. That is especially true here where the estimates of how long earlier witnesses would testify are not always fully accurate. We will not fault Plaintiff for complying with the Court's pretrial order and properly preparing her case.

As to the extent of the interpreter costs included in the motion, the Court is fully aware that one interpreter cannot feasibly be required to interpret for the entire time a witness(s) testify if longer than 30 minutes. Most trials require two interpreters when lengthier witnesses testify, and this was no exception. Furthermore, the amounts demanded by this interpreter do not fall outside the real of reasonableness for interpreters in this District. The $1,000 flat fee per trial day corresponds to about $160 per hour for each translator, which is not too out-of-line with other interpreter fees that have been approved in the district. See, e.g., *Mendez*

*v. Integrated Tech Group, LLC*, No. 18-22059-CIV, 2020 WL 6826355, at *5 (S.D. Fla. Nov. 20, 2020) (approving $8,850.00 in trial interpreter costs for two interpreters).

Accordingly, we find that the interpreter costs included in the motion are properly taxable and reasonable. The full amount requested should be reimbursed.

### *(2) Transcripts*

The second issue we turn to relates to the single largest cost included in the motion: $33,215.57 for transcripts necessarily obtained for the case. There are two sets of discrete challenges to this amount that Royal makes in its opposition to the motion.

Royal first challenges a minimal amount of costs included in this sum for daily transcription charges incurred for trial testimony as well as certain deposition and hearing charges. "The Eleventh Circuit has stated although the costs of a daily transcript should not be awarded 'as a matter of course,' the costs of daily transcript costs may nevertheless be awarded, in the court's discretion, if the court deems the daily transcript 'necessary.'" *Powell v. The Home Depot, U.S.A., Inc.*, No. 07-80435-CIV, 2010 WL 4116488, at *11 (S.D. Fla. Sept. 14, 2010), *Report and Recommendation adopted*, No. 07-80435-CIV, 2010 WL 4102933 (S.D. Fla. Oct. 18, 2010) (quoting *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002) (also finding no abuse of discretion awarding costs for expedited daily trial transcripts where the district court found that those transcripts were necessary given the length and complexity of trial in that case)).

Here we agree fully with Plaintiff that costs of the daily transcripts included in the motion were reasonable given the length and complexity of this case. Moreover, Plaintiff made only targeted requests for daily transcripts (of specific witness's testimony) as opposed to a blanket request for all daily transcripts throughout the trial. That evidences that Plaintiff was deliberate in her requests and supports her claim that these particular witnesses were important enough for Plaintiff to prepare for the next day's testimony and closing argument.

Specifically, Plaintiff ordered the transcripts of Royal counsel's opening, which counsel deemed necessary for Plaintiff's case because it was used to impeach Royal's witnesses and overall credibility. Plaintiff also requested the cross-examination transcript of Lt. Rodriguez, the re-direct of Mr. Backer and Dr. Albert. These transcripts were deemed necessary again given Royal's case in chief; the Plaintiff needed such transcripts to disprove and contradict specific assertions made with respect to these isolated witnesses.

Lastly, Royal argues that the costs for expedited hearing transcripts before trial were unnecessary. The Court finds, however, that Plaintiff has shown that these particular transcripts were required to present immediate pretrial and trial arguments to the Court that referenced the matters raised at such hearings. *See Pediatric Nephrology Assocs. of S. Fla. v. Variety Children's Hosp.*, 2018 WL 4778456, at *4 (S.D. Fla. July 9, 2018), *Report and Recommendation adopted,* 2018 WL 4777166 (S.D. Fla. July 24, 2018) ("To recover costs for expedited or rough transcripts, the requesting party bears the burden of showing that expediting

the transcript was 'essential to the resolution of the case.'") (citing *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1293 (S.D. Fla. 2015)).

Notably, no other expedited transcript costs were requested. And the bulk of the trancript charges included in the amount deal with deposition and hearing transcripts that Royal *has not challenged*. These unchallenged costs were thus certainly necessary and proper in the presentation of Plaintiff's case.

Accordingly, the Court finds that the total amount of costs included in the motion for deposition or trial transcripts should be awarded and, further, that no deductions must be made for the expedited charges included therein.

Royal's second issue with the transcripts relates to purportedly duplicative charges included in the invoices submitted in support of the motion. Plaintiff, however, points out that there were similar amounts included for court reporters and videographers costs but they were not duplicative. Instead, they related to different depositions and charges. A review of the invoices cited in Plaintiff's reply evidences that Plaintiff is correct on this score as well.

In sum, no corrections need be made to the total amount included for transcript charges incurred in the case. The full amount should be taxed under section 1920.

### *(3) Pacer Fees*

The final issue raised by Royal is an opposition to all the pacer fees included in the motion, specifically $605.80 in pacer fees and charges that were included in the cost of printing category. Royal argues that "[t]o the extent that [plaintiff] seek[s] to tax costs for Pacer or Westlaw fees, parties are generally not entitled to recover costs

11

for computer assisted legal research." *Gadsby v. Am. Golf Corp. of Cal. & Golf Enters.*, 2014 U.S. Dist. LEXIS 152840 (M.D. Fla. 2014). Plaintiff responds that this statement of law is now "outdated" based on two Southern District of Florida decisions penned by Magistrate Judge Alicia Valle in which she purportedly awarded pacer fees as taxable costs. *See Barberi v. TCB Sport Ent. LLC,* No. 21-60726-Civ, 2022 WL 625239, at *6 (S.D. Fla. Feb. 16, 2022); *Caplan v. Mallory,* No. 19-62103-Civ, 2021 WL 883493, at *6 (S.D. Fla. Feb. 26, 2021).

In matters of statutory interpretation, of course, the rule of decision for a given dispute is not found in isolated district court opinions, but instead focuses on the text of the statute. That is particularly true for disputes involving the taxable cost statute, section 1920. As the Supreme Court recently explained, "we have never held that Rule 54(d) creates a presumption of statutory construction in favor of the broadest possible reading of the costs enumerated in § 1920. To the contrary, we have made clear that the 'discretion granted by Rule 54(d) is not a power to evade' the specific categories of costs set forth by Congress. . . . Our decision is in keeping with the narrow scope of taxable costs. 'Although 'costs' has an everyday meaning synonymous with 'expenses,' the concept of taxable costs under Rule 54(d) is more limited and represents those expenses, including, for example, court fees, that a court will assess against a litigant.' . . . Because taxable costs are limited by statute and are modest in scope, we see no compelling reason to stretch the ordinary meaning of the cost items Congress authorized in § 1920." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 572-73 (2012) (citations omitted).

The relevant text of section 1920 only references "the exemplification and copies of papers" as well as "docket fees" but these provisions do not incorporate other similar fees that are incurred in litigation, principally computer research tools like Westlaw or Lexis, or court docket databases like Pacer. So on the face of the statute, costs for such research tools, even though commonplace in modern litigation practice, are not authorized by the narrow scope of this provision. The cases finding that Pacer costs are not taxable are thus plentiful. *See, e.g., Lebron v. Royal Caribbean Cruises, Ltd.*, No. 16-24687-Civ-WILLIAMS/TORRES, 2021 WL 3007191, at *7 (S.D. Fla. June 28, 2021), *report and recommendation adopted,* WL 3005648 (S.D. Fla. July 15, 2021) (Pacer fees cannot be taxed under section 1920(5) as docketing costs); *Rodriguez v. Geovera Specialty Insurance Co.*, No. 19-21173-Civ-O'SULLIVAN, 2020 WL 2732337, at *9 (S.D. Fla. May 26, 2020) (same); *Rivero v. Godoy*, No. 18-23087-CIV-COOKE/GOODMAN, 2019 WL 1178472, at *5 (S.D. Fla. Feb. 26, 2019) ("Pacer costs are not taxable under § 1920."); *McGilvery v. Williams*, No. 16-14363-Civ-MARTINEZ/MAYNARD, 2017 WL 8812740, at *2 (S.D. Fla. Dec. 4, 2017) (same).

Moreover, the two cases cited as evidencing a change in law do not support Plaintiff's position. In the first place, district court opinions should never be cited as evidence of a "change in law." District courts apply statutes, regulations and precedents that emanate from Congress, federal or state Supreme Courts, or Courts of Appeal. Those institutions undoubtedly create "law" but district courts simply are not tasked with such lofty powers.

13

In the second place, the two Judge Valle decisions cited indeed awarded Pacer costs, but in both instances they were awarded as part of a *fee* award. It is well established that if a party is entitled to recover attorneys' fees such recovery may incorporate other expenses, like expert witness fees, that are not awardable under section 1920. As Judge Valle found, other litigation expenses like expert witness fees and Pacer costs "are recoverable under 28 U.S.C. § 1920 and are also generally reasonable costs in the 'advancement of litigation' under [42 U.S.C.] § 12205." *Caplan v. Mallory*, 2021 WL 883493, at *5.

So, rather than representing any change of law these two district court decisions are mere illustrations of the proper application of an attorneys' fee statute. They do not stand in isolation for the proposition that section 1920 can incorporate such litigation expenses. Plaintiff is thus incorrectly relying on these two cases to support the argument that Pacer fees are now taxable. They are not.

Accordingly, this particular sum should be excised from the cost award that Plaintiff is otherwise entitled to because Pacer fees fall outside the "narrow" scope of taxable costs that can be awarded under section 1920. Another source of authority would have to be cited to award such litigation expenses in a fee petition. No such authority has been cited here. Therefore, the Pacer fees shall be excluded.

### IV.   CONCLUSION

In sum, the vast amount of taxable costs included in the motion have not been challenged. And Plaintiff is rightly deemed prevailing party under Rule 54. Plaintiff is thus entitled to an award of taxable costs under 28 U.S.C. § 1920 with respect to

all the costs included in the motion except for Pacer fees that are not taxable under the statute. Accordingly, the Court **RECOMMENDS** that Plaintiff's motion for taxable costs [D.E. 281] be **GRANTED in part** and **DENIED in part**:

    A.    The motion for costs should be **GRANTED** as to all costs requested but **DENIED** as to the $605.80 included as Pacer costs that cannot be deemed copying costs under section 1920(4) or docketing costs under section 1920(5).

    B.    Plaintiff should therefore recover a total cost award under section 1920 in the sum of $44,981.56. A cost judgment for that amount should be entered following final adjudication of the pending motion for new trial.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 18th day of November, 2024.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge