**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 23-cv-21171-BLOOM/Torres

EULALIA MARTIN-VIANA,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.
_____/

**ORDER ON MOTION FOR NEW TRIAL**

**THIS CAUSE** is before the Court upon Plaintiff Eulalia Martin-Viana's Amended[1] and Supplemental Motion for New Trial ("Motion"), ECF No. [297]. Defendant Royal Caribbean Cruises Ltd. filed a Response in Opposition, ECF No. [299], to which Plaintiff filed a Reply, ECF No. [302]. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

**I.  BACKGROUND**

Plaintiff was a passenger on Defendant Royal Caribbean's ship, *Freedom of the Seas*. Plaintiff's stateroom balcony contained a chair. Plaintiff went to the balcony, sat on the chair in a fully reclined or flat condition, fell backwards, and sustained injuries. The case proceeded to trial, resulting in a jury verdict for Plaintiff, finding both Defendant and Plaintiff negligent – Defendant 12% and Plaintiff 88%. ECF No. [271]. Consistent with the jury's verdict, The Court entered judgment for Plaintiff against Defendant in the amount of $717,139.33. ECF No. [277].

---

[1] The Court granted Plaintiff's Motion for Leave to File an Amended and Supplemental Motion for New Trial on September 25, 2024. *See* ECF No. [296].

In the Motion, Plaintiff argues that (1) the verdict was against the great weight of the evidence, because the jury allocated 88% fault to Plaintiff; (2) it was error to permit Defendant to argue to the jury that there was no evidence of any prior similar incidents, and for the Court to exclude from the jury's consideration a prior incident concerning a passenger; and (3) it was error to exclude the evidence of Defendant affixing a warning to the chairs following Plaintiff's incident. ECF No. [297].

Defendant responds that (1) the verdict was not against the great weight of the evidence; (2) evidence of a prior incident was properly excluded because Plaintiff failed to demonstrate that it was substantially similar to the subject incident; and (3) the Court properly excluded evidence of Defendant posting a warning label on chairs after Plaintiff's incident. ECF No. [299]. Plaintiff replies that Defendant relies on an incorrect standard, and Defendant's conduct at trial with respect to the interrogatory answer and prior similar incidents rendered the trial unfair and unjust. ECF No. [304].

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 59(a)(1), "[t]he court may, on motion, grant a new trial . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A motion for new trial may be brought on the basis that "the verdict is against the weight of the evidence, that damages are excessive, or that, for other reasons, the trial was not fair to the [moving party]; and [a motion for new trial] may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." *Alphamed Pharm. Corp. v. Arriva Pharms., Inc.*, 432 F. Supp. 2d 1319, 1334 (S.D. Fla. 2006) (quoting *Montgomery Ward & Co.*, 311 U.S. 243, 251 (1940)).

"A judge should grant a motion for a new trial when 'the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.'" *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001) (quoting *Hewitt v. B.F. Goodrich. Co.*, 732 F.2d 1554, 1556 (11th Cir. 1984)). "In assessing evidentiary rulings already made by this Court, the question is whether the exclusion or admission of evidence affected Defendant's substantial rights." *Sec. & Exch. Comm'n v. Complete Bus. Sols. Grp., Inc.*, 608 F. Supp. 3d 1231, 1239 (S.D. Fla. 2022). Further, "[b]ecause it is critical that a judge does not merely substitute his judgment for that of the jury, 'new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence.'" *Lipphardt*, 267 F.3d at 1186.

## III.   DISCUSSION

### A.   The Jury Verdict

Plaintiff contends that the jury verdict – namely, allocating 88% fault to Plaintiff and 12% to Defendant – was against the great weight of the evidence because Plaintiff's comparative negligence rests largely on the testimony of Defendant's expert, Dr. Kress, who conceded that Plaintiff's use of the chair in the lie-flat position was "reasonable." ECF No. [297] at 13. Defendant responds that the characterization of Dr. Kress's testimony was incorrect, and Plaintiff's argument ignores substantial additional evidence presented, such as the CCTV footage of the incident and the chair, which amply support the jury's verdict. ECF No. [299] at 3.

At trial, Dr. Kress agreed during cross examination that it was reasonable to use the chair in a lie-flat position, but that "[Plaintiff] did take her feet off the ground and put it on the chair. And then, ultimately, she pushed off with her feet and scooted her buttocks back over on top of the seatback too." ECF No. [279] at 52:2-13. Thus, despite Plaintiff's contention, Dr. Kress did

not simply concede that Plaintiff's use of the chair in the lie-flat position was reasonable. ECF No. [297] at 13. Rather, Dr. Kress elaborated that "it was her actions of bringing her feet up, and then later – three minutes later, deciding to push off with her feet and scoot her butt from the seat pan onto the seatback. That's the misuse." *Id.* at 53:15-18; *see also id.* at 29:5-20 ("Yeah, it's a misuse. . . . [T]o then lunge and push off with your legs and move your rear rearward up onto the seat pan . . . you're clearly running a serious risk of it tipping over in that phase.").

Further, Dr. Kress's assessment came after the jury saw the CCTV footage of Plaintiff's incident. *See* ECF No. [279] at 27-29. As highlighted by Defendant, the CCTV footage reflects that Plaintiff leaned back and rested her head on a pillow, then lifted her feet off the ground. ECF No. [279] at 27:1-3. Dr. Kress testified that "you could see her knees in the air. They're flexed. . . . Her seat's still in the back of the seat pan, but she's made enough room to get her feet up on the edge of the front of the seat." *Id.* at 27:3-6. After about three minutes, the CCTV footage shows Plaintiff put her arms up and over her head, and "[s]he pushes and she hops back, lifting her buttocks rear . . . onto the seatback." *Id.* at 28:16-22. Dr. Kress stated that Plaintiff fell "because she's beyond the seat pan, with her weight on the seatback. . . . It's a classic human error, misuse." *Id.* at 29:2-7. This was also not the only evidence the jury received to support its allocation of fault – the jury also heard testimony from Defendant's employees and viewed the chair itself throughout the trial. *See* ECF Nos. [131], [273]. Dr. Kress's assessment, the CCTV footage of the incident, the chair, and testimonial evidence, support the jury's verdict of finding Plaintiff 88% at fault.

While Plaintiff is correct that "in a motion for a new trial[,] the judge is free to weigh the evidence," *see Rabun v. Kimberly-Clark Corp.*, 678 F.2d 1053, 1060 (11th Cir. 1982) (quoting *King v. Exxon Co., U.S.A.*, 618 F.2d, 1111, 1115 (5th Cir. 1980)), Plaintiff has failed to demonstrate that Defendant's negligence was "overwhelming." In the Motion, Plaintiff focuses on

the manual provided to Defendant by the chair's manufacturer, which contained a statement that "Flat Position for Shipping Purposes Only." Plaintiff also points to the testimony of Zelda Anderson, a representative of the manufacturer, that the purpose of such statement was "[t]o let [Defendant] know that . . . it's a chair and it's not . . . a chaise. It's a chair." ECF No. [304-3] at 13. Carolina Zhang, another representative of the manufacturer, also testified that the statement "denotes the function of the chair. [A] chair should not have a flat position for the back unless it's for shipping purposes . . . this would differentiate it from being a chaise[.]" ECF No. [304-4] at 15. However, the jury also heard Dr. Kress testify as to Plaintiff's misuse of the chair, ECF No. [279] at 29:4-22, and 9 and that he saw no documentation from the manufacturer that instructed Defendant to tell people how to use the chair. *Id.* at 30:25-31:1-13.

Plaintiff also highlights the deposition testimony of Patricio Zorilla – Defendant's public safety officer – who testified that the chair should not lie flat. ECF No. [131] at 87:6-7. However, as Plaintiff concedes, Zorilla also claimed that, before Plaintiff's injury, he "had no idea whether or not a passenger should or should not use the chair in the flat position." *Id.* at 117:8-12. In conjunction with the evidence referenced above, a sufficient basis exists for the jury to apportion 88% of the fault to Plaintiff and 12% to Defendant. *See Rabun*, 678 F.2d at 1060 ("[T]he parties are entitled to a jury determination based on properly admitted evidence. The trial judge is empowered to invade the sacrosanct arena of the jury by granting a new trial only in the event of an extreme dearth of such credible evidence."). Moreover, a new trial is not warranted simply because Plaintiff disagrees with the jury's result. *See Handley v. Werner Enters., Inc.*, 655 F. Supp. 3d 1348, 1368 (M.D. Ga. 2023) ("A party is not entitled to a new trial because it disagrees with the jury's verdict.").

### B. The Court's Evidentiary Rulings at Trial

Plaintiff contends that it was error for the Court to (1) permit Defendant's counsel to tell the jury that there was no evidence of any prior similar incidents and exclude from the jury's consideration the interrogatory answer where Defendant listed a past incident involving a passenger; and (2) exclude the evidence of Defendant affixing a warning label to the chairs.

To grant a new trial on the basis that the Court failed to admit highly probative evidence, the moving party must "clearly establish that the Court improperly admitted or excluded evidence," and "that the admission or exclusion of this evidence had a substantial prejudicial effect on the verdict." *Sec. & Exch. Comm'n v. Complete Bus. Sols. Grp., Inc.*, 608 F. Supp. 3d 1231, 1240 (S.D. Fla. 2022) (quoting *Lockaby v. JLG Indus., Inc.*, 2005 WL 8154687, at *4 (S.D. Fla. Dec. 13, 2005)). Each evidentiary ruling is addressed in turn.

#### a. Prior Similar Incidents

Plaintiff argues that Defendant should not have been allowed to argue to the jury that there was no evidence of any prior similar incidents *and* exclude from the jury's consideration the incident concerning Phillips. ECF No. [297] at 13-14. Defendant responds that the Court properly excluded the interrogatory answer because the interrogatory did not establish that the incident was substantially similar to Plaintiff's incident. ECF No. [299] at 7.

When a party seeks to introduce a prior incident to show, for example, notice of the danger, the incident "must not have occurred too remote in time," and must be similar enough to the present incident "to allow the jury to draw a reasonable inference" about the defendant's notice. *Jones v. Otis Elevator Co.*, 861 F.2d 655, 662 (11th Cir. 1988). Here, Plaintiff's interrogatory requested that Defendant "[s]et forth any prior incidents . . . on stateroom balconies regarding the lounge chair that is subject to this litigation within the last three years, where a passenger fell back in the

chair and or the chair broke and the passenger fell backwards." ECF No. [229-19]. Defendant listed Amber Phillips in response, as well as her contact information. *Id.*

As an initial matter, Plaintiff presents no argument as to how the interrogatory answer satisfies the requirements set forth in *Jones*. Rather, Plaintiff argues that it was error for the Court to exclude the interrogatory answer *and* permit Defendant's counsel to convey to the jury that there were no prior incidents. Specifically, during closing argument, Defendant's counsel stated that one of its longtime employees testified that there is no evidence "of anybody sitting down in this chair, lying down in this chair, putting it in a lie-flat position, and shifting their body," and that there is "no evidence of the accident that happened to [Plaintiff], somebody pushing their body backwards – there's no evidence of that ever having happened before." ECF No. [280] at 46:17-22, 47:2-5.

Plaintiff relies on *Brown v. Royalty*, 535 F.2d 1024 (8th Cir. 1976), where a new trial was ordered "in the interest of fairness" after defense counsel repeatedly referred to excluded evidence throughout trial. 535 F.2d at 1026-27. However, Plaintiff's reliance on *Brown* is unpersuasive, as the Eighth Circuit's reasoning is specific to Missouri law and has no bearing on the present case. *Id.* at 1028 ("In Missouri, evidence of the fact that a traffic citation was or was not issued is inadmissible in a negligence case because it is prejudicial and brings before the jury a false issue. . . . Indeed, its admittance into evidence is grounds for a mistrial."). Plaintiff presents no other argument as to why the statements made during closing argument were improperly admitted and has failed to establish that the Court improperly admitted those statements. *See Sec. & Exch. Comm'n v. Complete Bus. Sols. Grp., Inc.*, 608 F. Supp. 3d 1231, 1240 (S.D. Fla. 2022).

### b.  The "Warning Signs" Affixed to the Chairs After the Incident

Plaintiff argues that evidence of Defendant affixing "warning signs" onto the chairs after Plaintiff's incident should have been admitted to impeach Defendant's comparative negligence

defense. ECF No. [297] at 15-18. Defendant responds that the warning labels affixed to the chairs after the incident is a quintessential inadmissible subsequent remedial measure under Federal Rule of Evidence 407. ECF No. [299] at 10-16.

> Rule 407 provides:
>
> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
> • negligence;
> • culpable conduct;
> • a defect in a product or its design; or
> • a need for a warning or instruction.
> But the court may admit this evidence for another purpose, such as impeachment or--if disputed--proving ownership, control, or the feasibility of precautionary measures.

Fed. R. Evid. 407.

Prior to trial, Defendant moved to "preclude any testimony regarding . . . a 'warning sign,'" pursuant to Federal Rule of Evidence 407. ECF No. [157] at 46. The Court granted Defendant's request but stated that "Plaintiff will not be precluded from testimony or evidence that she may use at trial in accordance with Rule 407." ECF No. [217] at 22. During cross examination, Michamad Riszqui, one of Defendant's employees, testified that he never told guests not to use the chair in a lie-flat position "because it's common sense." ECF No. [292] at 20:19-22. Plaintiff argued that such testimony opened the door to introduce evidence of a "warning sign" pasted on the chairs following the incident, which read "DO NOT LAY FLAT." ECF No. [297] at 8. Plaintiff alleged that this was to impeach Riszqui's statement that it was "common sense" to not use the chairs in a lie-flat position. ECF No. [292] at 21:3-13. The Court, relying on *Wilkinson v. Carnival*, 920 F.2d 1560, (11th Cir. 1991), did not allow the proffered evidence to be presented to the jury. *Id.* at 29:20-23.

Plaintiff contends this case is distinguishable from *Wilkinson*. In *Wilkinson*, a cruise passenger claimed that while walking through an automatic, electronically activated sliding glass door, the door closed, running over her toes. 920 F.2d at 1562. At trial, the district court allowed testimony that the sliding door remained opened for the remainder of the cruise, as permissible impeachment of the ship's officer, who testified that the doors were in "normal operating condition when he inspected them." *Id.* at 1567. On appeal, the court held that the witnesses' testimony that the doors were kept open was inadmissible. *Id.* at 1568. The ship officer testified that based on his inspection, he determined that the door was in normal operating condition at the time of the accident and made no mention of the condition of the door following the accident. *Id.* Therefore, the witnesses' testimony did nothing to impeach the ship officer's testimony. Further, the court determined that the admitted testimony likely "gave rise to the precise inference of negligence that Rule 407 was designed to avoid." *Id.* at 1568-69.

Plaintiff argues that *Wilkinson* is distinguishable because there, the cruise passenger attempted to use the subsequent remedial measure to prove her case in chief, whereas here, Plaintiff sought to introduce the warning labels to impeach Defendant's affirmative defense that Plaintiff's own negligence caused her injury. *See id.*; ECF No. [297] at 17-18. Plaintiff instead compares this case to *Rimkus v. Northwest Colorado Skip Corp.*, 706 F.2d 1060 (10th Cir. 1983), where the Tenth Circuit allowed evidence of a subsequent remedial measure[2] because "[w]here it relates to the alleged contributory negligence of plaintiff it should not be considered prejudicial."

---

[2] In *Rimkus*, the plaintiff was injured while skiing and sought to introduce evidence that the defendant marked the area with bamboo poles the day after the plaintiff's injury. 706 F.2d at 1061. The Tenth Circuit held:

> Inconspicuous hazards on the slopes were marked every morning. The fact that the rocks in issue were unmarked at the time of the accident tended to raise the inference that they must have been clearly visible on the day of the accident. To deprive Rimkus of an opportunity to rebut this inference would have been unfair. It threatened to place Rimkus

Case No. 23-cv-21171-BLOOM/Torres

Plaintiff's reliance is misplaced, as the Tenth Circuit's reasoning was premised on the prejudicial effect the exclusion would have caused the plaintiff. *See* 706 F.2d at 1066. Here, Plaintiff has failed to set forth any comparison to *Rimkus*, and how the exclusion of the warning labels had a prejudicial effect on the jury's verdict. Further, *Wilkinson* does not limit its holding in the manner Plaintiff claims. As the Eleventh Circuit acknowledged in *Wilkinson*, "[c]are must be taken to [e]nsure that Rule 407's impeachment exception is not used merely 'as subterfuge to prove negligence or culpability of the defendant.'" *Wilkinson*, 920 F.2d at 1567-68 (quoting *Petree v. Victor Fluid Power, Inc.*, 887 F.2d 34, 39 (3d Cir. 1989)). "Although any evidence of subsequent remedial measures might be thought to contradict and so in a sense impeach a defendant's testimony that he was using due care at the time of the accident, if this counted as 'impeachment' the exception would swallow the rule." *Id.* at 1568 (quoting *Flaminio v. Honda Motor Co.*, 733 F.2d 463, 468 (7th Cir. 1984)). Accordingly, the evidence of the "warning signs" were properly excluded.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion**, ECF No. [297]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 17, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

---

in the position of contending with unrefuted contributory negligence. *Id.*